IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No. DNYN 5:17CR00276-001 |
| LINDSEY CREIMAN, | |
| Defendant. | |

## DEFENDANT LINDSEY CREIMAN'S SENTENCING MEMORANDUM & MOTION FOR A NON-GUIDELINE SENTENCE

The Defendant Lindsey Creiman, by and through her attorney, Kimberly M. Zimmer, respectfully submits this Sentencing Memorandum in connection with her sentencing currently scheduled for July 31, 2018. It is respectfully requested that the Court, in the exercise of its discretion, and in consideration of the factors and provisions of 18 U.S.C. §3553(a), impose a non-guideline sentence. More specifically, for the reasons that follow, it is respectfully submitted that a just sentence that is "sufficient, but not greater than necessary, to comply with the basis aims of sentencing" would require much less imprisonment for Ms. Creiman than the advisory guideline sentence set forth in the Presentence Investigation Report dated July 12, 2018 ("PSR").

### I. INTRODUCTION

On September 28, 2017, Ms. Creiman appeared before United States Magistrate Judge David E. Peebles and at the conclusion of that appearance was remanded to U.S. Marshal custody, pending a detention hearing. *See* PSR at ¶3. Ms. Creiman appeared for a detention hearing on October 3, 2017, and Judge Peebles referred her to the High Impact Intervention Program (HIIP) at the Jamesville Correctional Facility. She successfully completed HIIP on

November 7, 2017, and on November 17, 2017, Ms. Creiman was released from Jamesville to Commonwealth Place for inpatient treatment. *See id.* Since her release from Commonwealth Place, Ms. Creiman has been on supervised release and has continued with her treatment. *See id.* Significantly, all testing for the use of illicit substances has been negative. *See id.*

On March 29, 2018, Ms. Creiman pled guilty to a single-count Indictment charging her with the unlawful possession of pseudoephedrine in violation of Title 21, United States Code, Sections 841(c)(2). *See* PSR at ¶1. As set forth in her Plea Agreement and the PSR, Creiman provided the pseudoephedrine to others in exchange for "small personal use quantities of methamphetamine." *See* PSR at ¶6.

## II. LINDSEY CREIMAN'S BACKGROUND AND PERSONAL CIRCUMSTANCES

Ms. Creiman is 37 years old and was born and raised in the Syracuse, New York area. *See* PSR at ¶28. She currently resides with her father and her younger brother in Clay, New York. *See id.*

Although Ms. Creiman had a stable upbringing for most of her childhood, when she was a senior in high school her mother had an extramarital affair, and her parents subsequently divorced. *See* PSR at ¶29. Ms. Creiman states that the demise of her family after her mother left dramatically changed her life. While she had previously been a good student, participating in extracurricular activities like sports and Girl Scouts, when her mother left, Ms. Creiman's grades and school attendance began to suffer. *See* PSR at ¶29. Her mother later married the man with whom she had an affair and together they had a child who is Ms. Creiman's half-brother. Ms. Creiman has no contact with him and has not had contact with her mother in years.

Ms. Creiman has been recently professionally diagnosed and treated for ADHD which she believes she has had since childhood. *See* PSR at ¶34. As the PSR sets forth, it appears that this disorder and Ms. Creiman's anxiety led to Ms. Creiman's substance abuse, which was quite extensive. *See* PSR at ¶¶34-36.

Ms. Creiman graduated from Cicero-North Syracuse High School and completed some college, earning an Associates Degree from Onondaga Community College in 2002. *See* PSR at ¶37. While she is quite intelligent, Ms. Creiman's employment history has been spotty and she has not had full time employment since 2014. *See* PSR at ¶38.

The PSR accurately sets forth additional details regarding Mr. Creiman's background, family, and employment circumstances.

### III. SENTENCING CALCULATIONS, ISSUES, AND RECOMMENDATIONS

#### A. ADVISORY GUIDELINE CALCULATION

As the PSR reflects, Ms. Creiman has zero criminal history points and her Criminal History Category is I. Because Ms. Creiman has fully and timely accepted responsibility for her conduct and the Government has agreed to application of U.S.S.G. §3E1.1(b), Ms. Creiman is entitled to a three-level decrease in her offense level. *See* U.S.S.G. §3E1.1 and PSR at ¶¶19, 20. Additionally, Ms. Creiman is eligible for a further reduction in her offense level pursuant to U.S.S.G. §5C1.2 (the safety valve). *See* PSR at ¶13. Accordingly, the resulting ***advisory*** guideline range of imprisonment is 46 to 57 months. *See* PSR at ¶43.

## B. NON-GUIDELINE SENTENCE – ALTERNATIVE TO §5K2.0

The sentencing factors set forth in 18 U.S.C. §3553, as applied to Ms. Creiman, demonstrate that a fair and just sentence that is "sufficient, but not greater than necessary, to comply with the basis aims of sentencing" does not require further incarceration of Ms. Creiman as recommended by the Sentencing Guidelines.

### 1. Section 3553(a) (1) – Nature and Circumstances of the Offense and History and Characteristics of the Defendant

As the Plea Agreement and the Offense Conduct portion of the PSR make clear, although Ms. Creiman unlawfully possessed pseudoephedrine and provided it to others in exchange for "small personal use quantities of methamphetamine," she did not manufacture nor distribute methamphetamine. *See* PSR at ¶¶1,6. Her conduct, therefore, was not for monetary gain and arose out of her own addiction. And, as set forth in the PSR, her Criminal History Category is I.

Ms. Creiman's addiction accompanied underlying mental health issues that were not addressed until recently. Very significantly here, while on supervised release, Ms. Creiman has worked diligently to address both of her addiction and her underlying mental health issues. Her treatment efforts have not resulted in any relapses as evidenced by her consistently good results in response to random drug testing and her compliance with the other terms of her release. *See* PSR at ¶3.

In sum, Ms. Creiman's lack of criminal history apart from this offense and other minor offenses that stems from her addiction, her positive response to supervised release, and her very successful treatment efforts all provide the Court with a basis to sentence Ms. Creiman to time-served and it is respectfully requested that your Honor do so.

2. **Section 3553 (a)(2) Factors**

Section 3553(a)(2) mandates that sentencing courts consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2). In sum, these factors are concerned with specific deterrence, general deterrence, and the likelihood of recidivism.

As set forth in the PSR, Ms. Creiman has accepted full responsibility for her conduct, recognizes the seriousness of the offense, and is not a threat to the public or anyone else. *See* PSR at ¶10. Indeed, in her interview with the Probation Department she expressed gratitude for being arrested and for having the opportunity to make the changes that she needed to make. *See id.*

3. **Section 3553(a)(3) Kinds of Sentences Available**

The PSR sets forth the various types of statutory sentences that are available to the Court.

4. **Section 3553(a)(4) and (a)(5)–Advisory Guideline Range and Policy Statements**

It is clear that the ***advisory*** sentencing guideline is ***but one of several factors*** set forth in Section 3553(a) and is not by itself an indication of a *reasonable* or *just* sentence for Ms. Creiman.

5. **Section 3553(a)(6) – Sentencing Disparity**

Sentencing disparity is not an issue in this case.

## IV. CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court sentence Ms. Creiman to a non-guideline sentence that allows her to continue to make the positive changes she has been making in her life.

Dated: July 16, 2018

Respectfully submitted,

KIMBERLY M. ZIMMER
Zimmer Law Office, PLLC
120 E. Washington Street, Suite 815
Syracuse, New York 13202
Bar Roll No.: 505346
(315) 422-9909